## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| **BRETHREN MUTUAL INSURANCE COMPANY**<br>149 North Edgewood Drive<br>Hagerstown, Maryland 21740 | * | Case No.: |
| Plaintiff, | * | |
| v. | * | MJG10CV3591 |
| **RADIO SYSTEMS CORPORATION, T/A PETSAFE**<br>Serve on:<br>Chris Chandler, Resident Agent<br>10427 Electric Avenue<br>Knoxville, Tennessee 37932 | * | FILED _____ ENTERED<br>LOGGED _____ RECEIVED<br><br>DEC 2 3 2010<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND |
| Defendant. | * | BY _____ DEPUTY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW Plaintiff, The Brethren Mutual Insurance Company ("Brethren Mutual"), by its undersigned attorneys, and initiates this civil action against Defendant, Radio Systems Corporation t/a PetSafe ("PetSafe"). In support thereof, Brethren Mutual alleges as follows:

### NATURE OF ACTION

This is a subrogation action for damages arising from a fire at a residential property owned by Amanda M. Van Scoy located at 538 Biddle Street, Chesapeake City, Maryland on or about January 25, 2010. Brethren Mutual paid for property damages pursuant to the Insured's policy. Brethren Mutual seeks to recover against PetSafe, which is responsible for causing the damage.

1

## PARTIES

1. Brethren Mutual is and was at all relevant times incorporated under the laws of the State of Maryland, with its principal place of business in Hagerstown, Maryland, and holds a certificate of authority to conduct the business of insurance in the State of Maryland.

2. At all relevant times, Brethren Mutual provided property insurance to Amanda M. Van Scoy (the "Insured") for the property located at 538 Biddle Street, Chesapeake City, Maryland (the "Property").

3. At all relevant times, PetSafe is and was a Delaware corporation with its principal place of business in Knoxville, Tennessee. Upon information and belief, PetSafe sold and continues to sell the PetSafe Wireless Pet Containment System (the "Pet Containment System") that is the subject of this litigation in Maryland. Upon information and belief, PetSafe contracts to supply the Pet Containment System in the State of Maryland.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 USCS §1332 and MD. CODE ANN. CTS. & JUD. PROC. §6-103(b)(2) and (4).

## FACTS COMMON TO ALL COUNTS

5. At all relevant times, the Insured owned the property located at 538 Biddle Street, Chesapeake City, Maryland (the "Property"). The Property was insured pursuant to a Brethren Mutual policy of insurance, which was in full force and effect on January 25, 2010.

6. PetSafe designed, manufactured, and sold the Pet Containment System.

7. Prior to the fire loss which occurred on January 25, 2010, the Insured purchased two Pet Containment Systems and used them at the Property.

8.     On or about January 25, 2010, a transmitter in one of the Pet Containment Systems used by the Insured sustained an electrical failure.  See, <u>Exhibit A</u>, Photograph of two Pet Containment System transmitters after the fire; See, <u>Exhibit B</u>, Photograph of floor below two Pet Containment System transmitters after the fire.  Such electrical failure created a fire at the Property, which caused substantial damage to the Property.  See, <u>Exhibits C-E</u>, Photographs of Property during and after fire.

9.     The Insured submitted a claim for the cost of repairing the fire damage pursuant to their policy of insurance with Brethren Mutual.  Consistent with the terms of the policy, Brethren Mutual has paid $467,105.35 to the Insured to date, and anticipates total payments of approximately $700,000.00.

10.    Pursuant to the same policy of insurance, Brethren Mutual is subrogated to the interests of its Insured to the extent of its payments.

## **<u>COUNT I – STRICT LIABILITY – Defective Design</u>**

11.    Plaintiff incorporates by reference the previous paragraphs as though set forth fully herein.

12.    The Pet Containment System was placed into the stream of commerce and sold by PetSafe in a defective and unreasonably dangerous condition in that the design of the Pet Containment System was such that it created a fire.

13.    The Pet Containment System reached the Insured without any substantial change in its condition and was in that same condition at the time of the loss.

14.    On or about January 25, 2010, while the Insured was using the Pet Containment System in a reasonably foreseeable manner, an electrical failure in a transmitter of the Pet Containment System caused a fire at the Property, causing substantial damage to the Property.

15.    The fire occurred because of the defective design of the Pet Containment System. If the Pet Containment System had not been defectively designed, the fire would not have occurred at all. The defective design is the direct and proximate cause of the damages sustained.

### COUNT II – STRICT LIABILITY – Manufacturing Defect

16.    Plaintiff incorporates by reference the previous paragraphs as though set forth fully herein.

17.    The Pet Containment System was placed into the stream of commerce and sold by PetSafe in a defective and unreasonably dangerous condition in that Pet Containment System was defectively manufactured such that it created a fire.

18.    The Pet Containment System reached the Insured without any substantial change in their condition and was in that same condition at the time of the loss.

19.    On or about January 25, 2010, while the Insured was using the Pet Containment System in a reasonably foreseeable manner, an electrical failure in a transmitter of the Pet Containment System caused a fire at the Property, causing substantial damage to the Property.

20.    The fire occurred because of the defective manufacture of the Pet Containment System. If the Pet Containment System had not been defectively manufactured, the fire would not have occurred at all. The defective manufacture is the direct and proximate cause of the damages sustained.

### COUNT III– BREACH OF WARRANTY

21.    Plaintiff incorporates by reference the previous paragraphs as though set forth fully herein.

4

22.     At the time of the sale and delivery of the Pet Containment System, PetSafe impliedly and expressly warranted to the Insured that the Pet Containment System was merchantable and fit for the ordinary purpose for which the Pet Containment System was intended, namely, for the containment of the Insured's pets on the Property.

23.     On January 25, 2010, while the Insured was using the Pet Containment System, an electrical failure in a transmitter of the Pet Containment System caused a fire at the Property, causing substantial damage to the Property.

24.     Plaintiff notified PetSafe of the breach of warranty within a reasonable time after discovering the breach and prior to filing this action.

25.     As a result, PetSafe breached its warranties of merchantability which directly and proximately caused the loss.

WHEREFORE, Plaintiff The Brethren Mutual Insurance Company requests that this Court enter judgment in its favor against Defendant Radio Systems Corporation t/a PetSafe in the amount of $700,000.00 plus interest and costs.

Respectfully submitted,

_____
GEORGE E. REEDE, JR. (No. 08220)
INANA T. BLANKSON (No. 28538)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street,
14th Floor
Baltimore, Maryland 21202
(410) 783 - 6300
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, The Brethren Mutual Insurance Company, by its undersigned counsel, hereby requests a trial by jury.

                                                  /s/
GEORGE E. REEDE, JR. (No. 08220)
INANA T. BLANKSON (No. 28538)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street,
14th Floor
Baltimore, Maryland 21202
(410) 783 - 6300
*Attorneys for Plaintiff*

*4813-2634-3688, v. 1*